UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS DUMAS,<br><br>             Plaintiff,<br><br>   -against-<br><br>KROLL, LLC,<br><br>             Defendant. | Civil Action No. 1:23-cv-05013<br><br>**AMENDED STIPULATED CONFIDENTIALITY <u>AND</u> <u>PROTECTIVE ORDER</u>** |

**WHEREAS**, Plaintiff Dennis Dumas ("Plaintiff") and Defendant Kroll, LLC ("Defendant") (together, the "Parties"), consider some of the information sought in discovery or contained in documents being sought in discovery to be confidential; and

**WHEREAS**, the Parties request that this Court so order their Proposed Stipulated Confidentiality and Protective Order ("Order") pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public, personally identifiable information, and sensitive or confidential information they may need to disclose; and

**WHEREAS** the Parties, through counsel, agree to the following terms; and

**IT IS HEREBY ORDERED** that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

1.    With respect to "Discovery Material" (*i.e.*, information or document of any kind produced or disclosed or exchanged during discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

-2-

2. The Party producing or disclosing Discovery Material ("Producing Party") may designate as Confidential any document or material that it reasonably and in good faith believes consists of:

    A. Proprietary business information, including, but not limited to, trade secrets, confidential, sensitive, non-public, or financial data or information related to Kroll, its affiliated businesses, or clients;

    B. Any work product completed or provided on behalf of Kroll clients;

    C. Personal financial information, such as tax records, income statements, financial data or W2s or 1099s;

    D. Any information of a personal or intimate nature regarding any individual, including, but not limited to, personnel files, performance evaluations, or employee compensation;

    E. Private or sensitive client information, including, but not limited to, medical information covered under the Health Insurance Portability and Accountability Act of 1996 (HIPAA); and

    F. Any other category of information given confidential status by this Court after the date of this Order.

3. The Producing Party or its counsel may designate any document as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility or (b) producing for future use other copies of said Discovery Material with the confidential information redacted. The Parties shall treat all information produced by any third party in response to a HIPAA request as Confidential regardless of any stamped designation.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will designate said testimony as "Confidential" within the transcript or (b) notifying the reporter

306864866v.3

and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential." During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.  If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing.  Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within five business days of providing such notice.

6.  Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege, protection, or immunity; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.  Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    A.  The Parties to this action, their insurers, and counsel to their insurers;

    B.  Employees of Defendant and any parent, subsidiary, or corporate affiliate of Defendant, who may need to review Confidential documents in defense of this action or as part of their job duties or responsibilities;

    C.  Defendant's in-house counsel and counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

        D.      Outside vendors or service providers (such as copy-service providers, document-management consultants, or electronic stored information ("ESI") vendor) that counsel hire and assign to this matter;

        E.      Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

        F.      Any witness for whom a Party in good faith believes may be called to testify at trial or deposition in this action;

        G.      As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

        H.      Any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

        I.      Stenographers engaged to transcribe depositions the Parties conduct in this action; and

        J.      This Court, including any appellate court, its support personnel, and court reporters.

8.      Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(f) through 7(h) above, counsel must provide a copy of this Order to such person, who must sign an Acknowledgement in the form annexed as **Exhibit A** hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Acknowledgment and produce it to opposing counsel either before such person is to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.      In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying—on a particularized basis—the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is

306864866v.3

-5-

narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

10. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidentiality treatment to any Discovery Material induced in evidence at trial, even if such material has been previously sealed or designated as Confidential.

11. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. The Parties shall confer and attempt to resolve the matter informally. If the Parties cannot reach agreement, counsel for all affected Parties will address their dispute to this Court. The documents or information in question shall be treated as Confidential, subject to the terms of this Order, until the dispute is resolved (either by agreement of counsel for the parties or by an Order of the Court). The Party challenging the Confidential documents or information designation shall at all times have the burden to demonstrate why the document should not be deemed confidential.

12. If a Producing Party discovers that it has inadvertently produced information and/or documents that are subject to the attorney-client privilege, the work-product doctrine, or any other legal privilege protecting information from discovery, the Producing Party shall notify the receiving Party within a reasonable time of the discovery of the error. The receiving Party shall return all copies of the information or documents to the Producing Party and destroy any work product reflecting the contents of such materials within ten (10) days of receipt of such notice. No

306864866v.3

use shall be made of such information or documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to request to return or destroy them. However, within ten (10) days of receipt of such notice, if the receiving Party wishes to challenge the Producing Party's assertion of privilege, the receiving Party may, with notice to the Producing Party, provide the Court with one copy of the disputed privileged material for in camera review, together with an explanation as to why the document should not be deemed privileged. The Producing Party shall then have ten (10) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege or the work product doctrine.

       13.      Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information that is otherwise publicly available.

       14.      To extent the Parties wish to file any item under seal, the Parties are directed to adhere to Section II of the Individual Rules of Practice for District Court Judge Paul G. Gardephe for Civil Actions.

       15.      Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a subpoena or court order, or if required to produce by law or by any government agency having competent jurisdiction, provided that such Party gives written notice to the Producing Party promptly, including a copy of the subpoena or court order.  The responding Party must cooperate with the designating party whose Confidential

-7-

material may be affected to maintain the confidentiality of the material sought. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, court order, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within 60 days of the final disposition of this action—including all appeals— all recipients of Confidential Discovery Material must either return it—including all copies thereof— to the Producing Party or destroy such material— including all copies thereof. In either event, by the 60-day deadline, the recipient must confirm its return or destruction of such materials by submitting a written notice to the Producing Party that confirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.

18. The foregoing is without prejudice to the right of any Party hereto to apply to the Court for a lesser or further protective order relating to any document and/or information provided pursuant to this Order, or to take whatever other steps reasonably necessary to safeguard Confidential documents or information.

19. This Order may be modified by subsequent Order of the Parties, but only in a written Order signed by the Parties or their counsel and so ordered by the Court.

20. Should any document or information provided pursuant to this Order be disclosed, released, or used for any purpose in violation of the terms of this Order, the Parties will be entitled to apply to the Court for declaratory or injunctive relief, in addition to any remedy available at law, to redress violations of the terms hereof.

21. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

22. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

23. Nothing in this Stipulation and Protective Order shall be construed to limit the Producing Party's use of its own Confidential Materials in any manner.

-9-

SO STIPULATED AND AGREED.

*/s/ Galen C. Baynes*                      */s/ Ephraim J. Pierre*

| | |
|---|---|
| GALEN C. BAYNES | EPHRAIM J. PIERRE |
| LOUIS PECHMAN | DOV KESSELMAN |
| PECHMAN LAW GROUP PLLC | ASHLEY N. EHMAN |
| *Attorneys for Plaintiff* | SEYFARTH SHAW LLP |
| 488 Madison Avenue, 17th Floor | *Attorneys for Defendant* |
| New York, New York 10022 | 620 Eighth Avenue, 32nd Floor |
| Tel.: (212) 583-9500 | New York, New York 10018 |
| | Tel.: (212) 215-5500 |

Dated: 30th day of January, 2024

**SO ORDERED.**

Dated: February 7, 2024

New York, New York

_____

Paul G. Gardephe
United States District Judge

**Exhibit A**
**to Stipulated Confidentiality**
**Agreement and Protective Order**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS DUMAS,<br><br>        Plaintiff,<br><br>  -against-<br><br>KROLL, LLC,<br><br>        Defendant. | Civil Action No. 1:23-cv-05013<br><br>**CONFIDENTIALITY ACKNOWLEDGEMENT** |

     I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    Signature: _____